Appeal of MADISON & KEDZIE          Docket No. 1127.
STATE BANK.

Upon the evidence, *held* that the taxpayer kept its books of account on an accrual basis, and that the method of calculation employed to ascertain the amount of unearned discount correctly shows the amount thereof.

Submitted February 21, 1925; decided March 30, 1925.

*Andrew T. Smith* and *Virgil Y. Moore, Esqs.,* for the taxpayer.
*Ward Loveless, Esq.,* for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This is an appeal from a determination of the Commissioner proposing to assess additional income and profits taxes in the amount of $20,350.11 for the years 1918 to 1920, inclusive, and results from the inclusion in taxable income of unearned discount in those years, the disallowance of depreciation in 1920, and a reduction of invested capital in the amount of $50,000 in that year. From the testimony presented at the hearing the Board makes the following

### FINDINGS OF FACT.

The taxpayer is a banking corporation organized under the laws of the State of Illinois, with its place of business at 3158 West Madison Street, in the City of Chicago, in said State, and since the year

1916 it has kept its books of account and made its returns for income-tax purposes on the accrual basis.

During the years in question the taxpayer computed the amount of unearned discount for each month by taking the daily balances on each class of notes and figuring the amount of discount earned in the month, and setting up the balance in a reserve for unearned discount. At the end of each year the amount in the reserve for unearned discount represented the true amount of unearned discount at that time. By the method of calculation employed there were excluded from gross income in the years 1918, 1919, and 1920, the amounts of $3,422.72, $7,563.73, and $27,505.98, respectively, as discount unearned in those years, and the Commissioner has restored these amounts to income in the respective years.

In keeping its books of account the taxpayer accrued all discount, and all interest receivable and payable at the end of each month; an accrual was set up for taxes each month, and when the taxes were paid the amount was charged against the accrual and the balance shown as a reserve for taxes. All other items were paid as they accrued, with the exception of insurance in 1919 amounting to $4,871.97, and in 1920 to $3,809.87, which was not paid as accrued.

In its return for the year 1920 the taxpayer claimed a deduction for depreciation in the amount of $14,426.65. In computing the net income the Commissioner disallowed $4,095 of this amount as excessive and added it to the book income, when the depreciation allowable had not been deducted by the taxpayer in the determination of its book income. The Commissioner admits that the net income for 1920 as computed by him is overstated in the amount of $14,426.65.

In July of 1919 the taxpayer sold its bank building for the sum of $50,000 and invested the proceeds. The Commissioner excluded the $50,000 from invested capital in 1920, and now admits that such exclusion was erroneous.

#### DECISION.

The determination of the Commissioner is disapproved, and the tax should be computed in accordance with the following opinion. The amount of the deficiency to be assessed will be settled on consent or on 7 days' notice under Rule 50.

#### OPINION.

MARQUETTE: The taxpayer herein kept its books on the accrual basis and reported as income subject to taxation discount earned within the year, and properly accrued all of its accounts subject to accrual with the exception of insurance. The Commissioner has computed the tax on a cash basis and has included as income in each year a reserve for unearned discount. We have had occasion in two appeals to disapprove this procedure and to hold that discount neither received nor accrued within a taxable year is not income subject to tax in that year. *Appeal of Chatham & Phenix National Bank*, 1 B. T. A. 460; *Appeal of The Bank of Hartsville*, 1 B. T. A. 920. When a bank keeps its books of account on a cash basis, discount is income only when it is received; upon an accrual basis discount becomes income as it is earned.

The Commissioner's contention herein is that the books of this taxpayer were not kept on an accrual basis and that it is therefore not entitled to make its returns of income on that basis. The further contention is made that if the taxpayer's books were kept on the accrual basis the method employed to calculate the unearned discount was an approximation and did not give an accurate accrual of the discount.

The facts disclose that every account of the taxpayer, whether income or expense, was accrued on its books, with the exception of its insurance liability, which it did not pay as it accrued. All other items were paid as they accrued, and it was unnecessary to set up accruals with respect to them, only to knock them down again by off-setting entries. The omission to accrue the insurance account does not, in our opinion, warrant a conclusion that the method of accounting regularly employed was not an accrual method. Such errors are likely to happen in the best regulated accrual systems, and it is not always an easy matter to determine when and what items are subject to accrual. We have no hesitation in saying that the method employed by the taxpayer was clearly an accrual method.

We find no merit in the contention that the method employed to calculate unearned discount was an approximation. As we view it, it was mathematically accurate, and it can make no difference whether the amounts are figured daily on the balances and added at the end of the month or computed monthly on the daily balances and then added. The result in either event is the same and would disclose the correct amount of unearned discount at the end of the month.

We hold that the amount of unearned discount at the end of each of the years in question was improperly included by the Commissioner in the gross income of the taxpayer in each year, and that such amounts should be excluded in the recomputation of the tax.

The Commissioner has admitted error in increasing the net income for 1920 by $14,426.65, and in deducting from invested capital in that year $50,000. The first amount was erroneously included through adding to book income $4,095 of disallowed depreciation, without deducting $14,426.65 claimed as depreciation by the taxpayer. The reduction of invested capital by $50,000 arises from a sale by taxpayer of its bank building and the investment of the proceeds. Both amounts should be restored and proper adjustment of invested capital should be made for unearned discount included in invested capital.